Filed 5/4/26  P. v. Loya CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>GILBERT NEVEREZ LOYA,<br><br>     Defendant and Appellant. | B337511<br><br>(Los Angeles County<br>Super. Ct. No. BA227243) |

APPEAL from an order of the Superior Court of Los Angeles County.  H. Clay Jacke II, Judge.  Reversed and remanded with directions.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Defendant Gilbert Neverez Loya appeals from the trial court's order striking his one-year prior prison term enhancement but refusing to conduct a full resentencing under Penal Code section 1172.75.[1]  Loya contends that the court erroneously believed that he was categorically ineligible for resentencing under section 1172.75 because he was serving an indeterminate sentence under the "Three Strikes" law.  The People agree that Loya was entitled to resentencing but argue any error was harmless.  Because the record does not clearly indicate that the court would have made the same decision had it been aware of the full scope of its resentencing power and discretion, we reverse and remand the matter with directions for the court to conduct a full resentencing under section 1172.75.

## BACKGROUND

In 1999, Lisa Flores and Loya began dating.  After several months, Loya started physically and verbally abusing Flores.  Although Flores obtained a restraining order against Loya, he refused to leave her alone.  In 2002, Loyoa followed Flores and her friend as they were driving.  Loya rammed his car into their car several times, causing their car to spin out and come to a stop facing oncoming traffic.

The People charged Loya with stalking (§ 646.9, subd. (b); count 1), assault with a deadly weapon (an automobile) (§ 245, subd. (a)(1); counts 2 & 3), assault with a firearm (§ 245, subd. (a)(2); counts 4 & 5), possession of a firearm by a felon with three prior convictions (§ 12021, subd. (a)(1); counts 6 & 7),

---

[1]     All undesignated statutory references are to the Penal Code.

criminal threats (§ 422; count 8), and threatening a witness (§ 140, subd. (a); count 9). As to counts 1, 4 and 5, the People alleged Loya personally used a firearm (§ 12022.5). The People also alleged that Loya had suffered three prior strike convictions (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and that he had served a prior prison term (§ 667.5, subd. (b)).

Count 9 was stricken before trial. A jury convicted Loya of stalking and both counts of assault with a deadly weapon, and acquitted him of the remaining charges. The jury found not true the firearm allegations. The trial court found true the three strike allegations, declined to strike any of them, and sentenced Loya to 25 years to life in state prison plus one year for the prison prior on count 3. The trial court imposed a concurrent term of 25 years to life for each of counts 1 and 2. A different panel of this division affirmed Loya's conviction and sentence on direct appeal.

In 2014, Loya petitioned the trial court to recall his sentence and resentence him under section 1170.126. After issuing an order to show cause, the court denied Loya's petition, finding he was ineligible for resentencing. Another panel of this division affirmed the trial court's order denying Loya's resentencing petition.

In January 2023, Loya was identified as someone potentially serving a sentence that included a now-invalid one-year prior prison term enhancement under section 667.5, subdivision (b).

In April 2024, the trial court held a hearing under section 1172.75. After the court struck his one-year prior prison term enhancement, Loya asked the court to conduct a full resentencing. The prosecutor responded that Loya was ineligible

for resentencing under section 1172.75 because he was serving a life sentence under the Three Strikes law.

The trial court stated that it likely agreed with the prosecutor that it was prohibited from conducting a full resentencing under section 1172.75 because Loya was a Three Strikes offender. The court believed it lacked the power to strike any of Loya's prior strikes under section 1172.75. Nevertheless, the court stated, "part of me wants to say perhaps I should strike one strike … ."

The prosecutor responded that it was "simply impossible" for the trial court to strike one of Loya's prior strikes. According to the prosecutor, if the court had the power to resentence Loya, it could "either strike two of [Loya's] three strikes and resentence him as a second striker" or leave "the sentence intact." If the court struck two of Loya's prior strike convictions, the prosecutor noted, Loya "would be released immediately." After discussing Loya's criminal history and performance record in prison, the prosecutor opined that "there's no way for this court to chart some sort of middle course. It's either striking two strikes and releasing Mr. Loya based on its view of his recent positive programming or any other reason the court could articulate … . [¶] … [¶] … We're either re-imposing the sentence or the court is striking two strikes."

Loya's counsel argued that the trial court had discretion under section 1172.75 to strike any of Loya's prior strike offenses under section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). While the court was not required to strike such offenses under section 1172.75, Loya's counsel pointed out, it had the discretion to do so. Loya's counsel asserted that there was nothing "in the case law or the statute that prohibits

4

[the court] from considering striking one or two or however many strikes.  The question to me is should you. … And of course my position is yes.  Because I think that Mr. Loya has demonstrated a genuine interest and willfulness and a willingness and a commitment and a history to turn his life around."

The court concluded that it lacked the power under section 1172.75 to conduct a full resentencing because Loya was a Three Strikes offender.  But even if it had such power, the court explained, it would not strike two or more of Loya's prior strike offenses.  The court noted the frightening nature of the underlying commitment offense.  While Loya had recently taken serious steps to rehabilitate in prison, the court noted that his conduct in prison up to that point had been poor.  Although the court would have been inclined to reduce Loya's sentence in some manner if it could, such as by striking a "five-year prior," the court was not inclined to strike two or more prior strike offenses and release Loya on time served.

Loya appeals.

## DISCUSSION

Senate Bill No. 483 went into effect on January 1, 2022, creating what is now section 1172.75.  (Stats. 2021, ch. 728, § 3 [creating former § 1171.1]; Stats. 2022, ch. 58, § 12 [renumbering former § 1171.1 to section 1172.75].)  The statute renders legally invalid any prior prison term enhancement imposed before January 1, 2020, unless the enhancement was imposed for a prior sexually violent conviction.  (§ 1172.75, subd. (a).)  The statute also creates a resentencing procedure for defendants who are currently serving sentences that include a prior prison term enhancement.  (§ 1172.75, subds. (b)–(d).)

5

Once the trial court confirms that the underlying judgment includes an invalid prior prison term enhancement, the court must "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)  A defendant who is eligible for relief under section 1172.75 is entitled to a full resentencing.  (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1067, fn. 3.)

Section 1172.75, subdivision (d) establishes several parameters for resentencing.  First, the resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."  (§ 1172.75, subd. (d)(1).)  Second, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)  Third, the court may "consider postconviction factors" that speak to whether continued incarceration remains in the interest of justice, such as the defendant's physical condition and records of discipline and rehabilitation while incarcerated.  (§ 1172.75, subd. (d)(3).)  Finally, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1172.75, subd. (d)(4).)

Loya contends, and the People agree, that the trial court erred when it concluded that it lacked the authority under

section 1172.75 to conduct a full resentencing, including the power to strike Loya's prior strike offenses under *Romero* and section 1385.  Although the California Supreme Court expressly declined to address this issue in a recent case discussing a different issue concerning the Three Strikes law (see *People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838, 854, fn. 5), other courts have held that a trial court has "the authority to exercise its discretion under section 1385(a) and *Romero* to strike any or all of [a defendant's] strike priors after recalling his sentence and for the purposes of resentencing him under section 1172.75." (*People v. Rogers* (2025) 108 Cal.App.5th 340, 364.)  As the court in *Rogers* explained, "[b]ecause a trial court's power under section 1385(a) to dismiss or strike a strike prior is independent of either the Three Strikes law or the subsequent Reform Act, any exercise of that power at a resentencing proceeding under section 1172.75 does not offend either." (*Id.* at p. 362.)  We agree with *Rogers* and follow it here.

The People contend that remand is unnecessary because the trial court considered whether it would be appropriate to strike Loya's strike priors under section 1385 and *Romero* and, based on that analysis, decided not to exercise its discretion to strike any of them.  (See *People v. Williams* (1998) 17 Cal.4th 148, 161 [identifying the factors courts should consider when determining whether to strike a prior strike].)  We disagree.

Where, as here, a trial court sentences a defendant without being aware of the full scope of its sentencing discretion, remand is required to allow the court to fully exercise that discretion unless the record clearly indicates that the court would have reached the same decision had it been aware of the scope of its discretion.  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391

(*Gutierrez*).) As we explain, the record does not clearly indicate that the trial court would have made the same sentencing decision—i.e., striking only Loya's prison-prior enhancement— had it been aware of its full resentencing power and discretion to strike any of Loya's prior strikes under section 1172.75.

To be sure, as the People point out, the trial court considered the circumstances of the underlying commitment offense, Loya's criminal history, and Loya's behavioral and rehabilitative record in prison before concluding that it would not be appropriate to strike two or more of Loya's prior strikes, which the parties and court agreed would result in his immediate release from custody. But before it issued its final ruling, the court told the parties that "part of [it] wants to say perhaps [it] should strike one strike." Later, after discussing whether it had the power to fully resentence Loya, the court stated that although it was not willing to strike two or more of Loya's prior strikes, it "wouldn't have an issue" with otherwise reducing Loya's sentence beyond striking his one-year prison-prior enhancement.

The record, therefore, suggests that the court was willing to strike one of Loya's prior strikes if it had the power to do so under section 1172.75. Because the record does not clearly indicate that the trial court would have made the same sentencing decision had it been aware of the full scope of its resentencing power under section 1172.75, including its authority to exercise its discretion to strike Loya's prior strikes under section 1385 and *Romero*, remand is necessary for the court to

exercise that power and discretion in the first instance. (*Gutierrez, supra,* 58 Cal.4th at p. 1391.)[2]

## DISPOSITION

The trial court's resentencing order is reversed and the matter is remanded with directions for the court to conduct a full resentencing under section 1172.75, including following the parameters for resentencing set forth in subdivision (d) of that statute.


                                           VIRAMONTES, J.


WE CONCUR:



            STRATTON, P. J.



            WILEY, J.

---

[2]     Loya asks us to take judicial notice of two amicus briefs filed in a different appeal, which he claims raise arguments that are relevant to our evaluation of whether the trial court erred in finding he was ineligible for resentencing under section 1172.75 because he is a Three Strikes offender.  In light of our conclusion that the trial court erred in finding that Loya is ineligible for resentencing, we deny his request for judicial notice.

9